UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) METRO MART, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | *(formerly Oklahoma County District* |
| 2) NORTH STAR MUTUAL | ) | *Court Case No. CJ-2014-2916)* |
| INSURANCE COMPANY, | ) | |
| 3) ED BERRONG INSURANCE | ) | |
| AGENCY, INC., and | ) | |
| 4) INSURANCE CENTER | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT NORTH STAR MUTUAL
## INSURANCE COMPANY'S NOTICE OF REMOVAL

---

Submitted By,
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER
  & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       jerry@pclaw.org
             erin@pclaw.org
ATTORNEYS FOR NORTH STAR MUTUAL
  INSURANCE COMPANY

November 6, 2014

## TABLE OF CONTENTS

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT NORTH STAR MUTUAL INSURANCE
COMPANY'S NOTICE OF REMOVAL.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STANDARD OF REVIEW.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

ARGUMENTS AND AUTHORITY.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

      PROPOSITION:     PLAINTIFF FAILS TO STATE A VALID CAUSE
                              OF ACTION AGAINST INDEPENDENT AGENT,
                              THE INSURANCE CENTER AGENCY, INC.. . . . . . . . . . . 9

         A.     The Independent Agents do not owe Plaintiff a
               fiduciary duty.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

         B.     Plaintiff's "Negligent Procurement of Insurance"
               claims fail as a matter of law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

         C.     Plaintiff cannot maintain a "Constructive Fraud" or
               "Negligent Misrepresentation" claim against the
               Independent Agents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

         D.     Plaintiff failed to state a valid claim for "Negligent
               Underwriting" against the Independent Agents. . . . . . . . . . . . . . . 18

         E.     Plaintiff's claim against the Independent Agents under
               the Oklahoma Consumer Protection Act fails as a
               matter of law.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

         F.     Plaintiff failed to state a valid bad faith claim against
               the Independent Agents.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## TABLE OF AUTHORITIES

### CASES

*Accord Riley Hill Gen. Contr. v. Tandy Corp.*,
    737 P.2d 595 (Or. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Balog v. Jeff Bryan Transport, LTD*,
    No. CIV-10-505-D, 2010 WL 3075288 (W.D. Okla. Aug. 5, 2010) . . . . . . . . . . . 4

*Childs v. United Life Ins. Co.*,
    781 F. Supp. 2d 1240, 1250 (N.D. Okla.  2011) . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Christian v. American Home Assur. Co.*,
    577 P.2d 899 (Okla. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Cooper v. Gibson*,
    170 P. 220 (Okla. 1917). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Cosper v. Farmers Ins. Co.*,
    309 P.3d 147 (Okla. Civ. App. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-14, 16

*Dodson v. Spiliada Maritime Corp.*,
    951 F.2d 40 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Estate of Hicks v. Urban East, Inc.*, 92 P.3d 88 (Okla. 2004) . . . . . . . . . . . . . . . . . . . . 21

*Faulkenberry v. Kansas City Southern Ry. Co.*,
    602 P.2d 203 (Okla. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Gruenberg v. Aetna Ins. Co.*,
    510 P.2d 1032 (Cal. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Hyman v. Travelers, et al.*,
    No. CIV-13-820-D 2014 WL 111942 (W.D. Okla. Jan. 10, 2014). . . . . . . . . . . . 23

*Lewis v. Farmers Ins. Co. Inc.*,
    681 P.2d 67 (Okla. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Liverpool & L&G Inc. Co. v. TM Richardson Lumber Co.*,
    69 P. 936 (Okla. 1902) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Liverpool and L&G Ins. Co. v. T.M. Richardson Lumber Co.*,
    69 P. 936 (Okla. 1902). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Martin v. Franklin Capital Corp.*,
    251 F.3d 1284 (10th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McCurtain Cnty. Prod. Corp. v. Cowett*,
    482 F. Supp. 809 (E.D. Okla. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*McPhail v. Deere & Co.*,
    529 F.3d 947 (10th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mueggenborg v. Ellis*,
    55 P.3d 452 (Okla. Civ. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16, 19

*Murchison v. Progressive Northern Ins. Co.*,
    572 Fed. Supp.2d 1281, 1284 (E.D. Okla. 2008) . . . . . . . . . . . . . . . . . . . . . . . 19

*Neill v. State Farm, et al.*,
    No. CIV-13-627-D, 2014 WL 223455 (W.D. Okla. Jan. 21, 2014). . . . . . . . . . . . 23

*Porter v. Rott*,
    243 P.160 (Okla. 1926). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Rotan v. Farmers Ins. Group of Cos.*,
    83 P.3d 894 (Okla. Civ. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Slover v. The Equitable Variable Life Insurance Co.*,
    443 F. Supp. 2d 1272 (N.D. Okla. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 17

*Smith v. Allstate Vehicle & Property Insurance Co.*,
    No. CIV-14-0018-HE,
        2014 WL 1382488 (W.D. Okla. April 8, 2014). . . . . . . . . . 10, 12-15, 17, 18

*Smoot v. Chicago, R.I. & P.R. Co.*,
    378 F.2d 879 (10th Cir. 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*St. Paul Reinsurance Co. v. Club Services Corp.*,
    30 Fed. Appx. 834 (10th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

*Swickey v. Silvey Companies*,
    979 P.2d 266 (Okla. Civ. App. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 16

*Sycamore Family LLC v. Earthgrains Bakery Companies, Inc.*,
     No. 2:13-CV-00639-DN, 2013 WL 588 3868 (D. Utah Nov. 1, 2013) . . . . . . . . . . 6

*Tatum v. Mid-Century Ins. Co.*,
     730 S.W.2d 41 (Tex.App.1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Thomas v. Metropolitan Life Insurance Co.*,
     540 F. Supp. 2d 1212 (W.D. Okla. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Timmons v. Royal Globe Ins. Co.*,
     653 P.2d 907 (Okla. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Wilson v. Republic Iron & Steel*,
     257 U.S. 92 (1921). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wingate v. Render*,
     160 P. 614 (Okla. 1916). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*,
     416 F. Supp. 2d 1081 (D. Kan.  2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES

12 O.S. § 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 O.S. § 57. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

15 O.S. § 59. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

15 O.S. § 753. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

15 O.S. § 754. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

28 U.S.C. § 1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

28 U.S.C. § 1441. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1442. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1446. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6

36 O.S. § 1205. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

36 O.S. § 1435.13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

36 O.S. § 1435.19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

36 O.S. § 1435.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

36 O.S. § 1435.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

36 O.S. § 1435.7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

36 O.S. § 307. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

36 O.S. § 621. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Okla. Constitution, Art. 6 § 22. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**OTHER AUTHORITY**

LCvR 81.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

## DEFENDANT NORTH STAR MUTUAL
## INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1442 and 1446, the Defendant, North Star Mutual Insurance Company ("North Star Mutual"), hereby removes the state court action, *Metro Mart, Inc. v. North Star Mutual Insurance Company, et al.*, Case No. CJ-2014-2916, from the District Court of Oklahoma County, state of Oklahoma, to this Court.  Pursuant to LCvR 81.2(a), a copy of the State docket sheet as well as all documents filed or served in the State Court action are attached hereto as **EXHIBITS 1-11**.

The basis of this removal is that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, and that – due to the fraudulent joinder of non-diverse defendants – complete diversity exists between all underlying <u>proper</u> parties.  In further support, North Star Mutual submits the following.

1.      Upon information and belief, Plaintiff is a corporation formed under the laws of the state of Oklahoma with its principal place of business in the State of Oklahoma.  (*See* Petition, ¶1, **EXHIBIT 2**; *See also* Oklahoma Secretary of State documents, **EXHIBIT 12**.)

2.      According to Plaintiff's Petition, North Star Mutual is organized under the laws of the state of Minnesota. (*See* Petition, ¶2, **EXHIBIT 2**; *See also* Annual Statement from North Star Mutual Insurance Company, **EXHIBIT 13**.)  North Start Mutual's principal place of business is located in Minnesota.  (*See also* Annual Statement from North Star Mutual Insurance Company, **EXHIBIT 13**.)

3.      According to Plaintiff's Petition, Defendant, Insurance Center ("Insurance Center"), is an insurance agency incorporated under the laws of the State of Oklahoma with

its principal place of business in Oklahoma.[1]   (*See* Petition, ¶3, **Exhibit 2**; *See also* Oklahoma Secretary of State documents, **Exhibit 14**; Answer of Defendant Insurance Center, ¶ 3, **Exhibit 10**.)

4.      According to Plaintiff's Petition, Defendant, Ed Berrong Insurance Agency, Inc. ("Ed Berrong"), is an insurance agency incorporated under the laws of the state of Oklahoma with its principal place of business in Oklahoma.  (*See* Petition, ¶4, **Exhibit 2**; *See also* Special Appearance and Amended Motion to Dismiss of the Defendant Ed Berrong Insurance Agency, Inc. and Brief in Support, p. 1, **Exhibit 7**.)

5.      North Star Mutual submits that Defendants, Ed Berrong, and Insurance Center were fraudulently joined for the purposes of attempting to defeat federal diversity jurisdiction.  This proposition will be discussed in greater detail below.

6.      Plaintiff is suing North Star Mutual for breach of contract and bad faith in connection with North Star Mutual's allegedly inadequate payment for losses allegedly sustained as a result of a hail storm.  In its Petition, Plaintiff failed to follow the clear and unambiguous language of 12 O.S. § 2008(2), which requires a Plaintiff to state whether it seeks more or less than "the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United State Code."  Instead, Plaintiff improperly claims damages "in excess of $10,000" on at least six of its eight theories of liability.  However, Plaintiff also prays, among other things, for "payment of all contractual benefits for all coverages afforded

---

[1]In its Answer, Defendant Insurance Center notes that its correct name is The Insurance Center Agency, Inc. (*See* Answer of Defendant Insurance Center, ¶ 3, **Exhibit 10**.) However, for purposes of this Motion, North Star will refer to that defendant as plead in Plaintiff's Petition, "Insurance Center."

to Plaintiff under the subject policy of insurance for damage to its dwelling and personal property caused by the May 31, 2013, hail storm, together with interest on all amounts due[.]"[2] (Petition, p.17, **Exhibit 2**.)

---

[2]Although Plaintiff's Petition prays for payment of all insurance benefits afforded to Plaintiff for the property damage alleged caused by hail storm that occurred on May 31, 2014, Plaintiff's Petition alleges the damage occurred in a hail storm that occurred on May 30, 2014. (Compare Plaintiff's Petition, ¶ 11, ¶ 18, **Exhibit 2** to Plaintiff's Petition, Prayer for Relief, p. 17, **Exhibit 2**.)  This "clerical error" is actually the first of many examples throughout Plaintiff's Petition that demonstrates it is nothing more than a boilerplate petition filed in the following recent cases throughout Oklahoma by the same law firm:

1. *Mr. Perry Mary, Inc. v. Admiral Insurance Company, et al*; CJ-2014-22, Noble County;
2. *Country Gold, Inc. v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-136-02, Garfield County;
3. *Goldman, Inc. v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-135-03, Garfield County;
4. *Ahmed v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-3147, Oklahoma County;
5. *Snow White, LLC v. State Auto Property and Casualty Insurance Company, et al.*; CJ-2014-610, Cleveland County;
6. *Community Funeral Home v. Hanover Insurance Company, et al.*; CJ-2014-106, Logan County;
7. *Bristow v. United Home Insurance Company, et al.*; CJ-2014-44, Murray County;
8. *Siddique v. Casualty Corporation of America, et al.*; CJ-2014-608, Cleveland County;
9. *Siddique v. Western Heritage Insurance Company, et al.*; CJ-2014-42, Murray County;
10. *Wright v. National Lloyds Insurance Company, et al.*; CJ2104-47, Oklahoma County;
11. *Talkington v. Casualty Corporation of America, et al.*; CJ-2014-54, Murray County;
12. *McIntire v. Scottsdale Insurance Company, et al.*; CJ-2014-612, Oklahoma County;
13. *Davenport v. Goodville Mutual Insurance Company, et al.*; CJ-2014-45, Murray County;
14. *A&B Stores v. Liberty Mutual Insurance Company, et al.*; CJ-2014-2892, Oklahoma County;

7.     On May 16, 2014, Plaintiff's contractor submitted a claims estimate in the amount of $161,176.64 for the damage allegedly sustained in the hail storm. (*See* email from Melanie Spoon at InsuranceBusters.net to North Star, dated May 16, 2014, **Exhibit 15**.) Accordingly, because Plaintiff seeks by way of the present lawsuit "payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance," and because as of May 2014, Plaintiff was alleging North Star Mutual owed $161,176.64 to repair the damage allegedly sustained in the hail storm, it is clear that more than $75,000.00 is at issue.   Moreover, Plaintiff also seeks "compensatory damages," "disgorgement of increased financial benefits derived by Defendants," "actual and punitive damages," and "attorney fees, costs and interest."   This further demonstrates the amount in controversy exceeds that required for diversity jurisdiction.   *See Balog v. Jeff Bryan Transport, LTD*, No. CIV-10-505-D, 2010 WL 3075288, at *3 (W.D. Okla. Aug. 5, 2010)

---

15.     *Maverick Mart v. North Star Mutual Insurance Company, et al.*; CJ-2014-2891, Oklahoma County;

16.     *Metro Mart v. North Star Mutual Insurance Company, et al.*; CJ-2014-222, Pottawatomie County;

17.     *Sterr Foods, Inc. v. The Travelers Indemnity Company of America, et. al.*; CJ-2014-466, Cleveland County; and

18.     *Sterr Foods, Inc. v. The Travelers Indemnity Company of America, et. al.*; CJ-2014-467, Cleveland County.

19.     *Supermart #7 v. North Star Mutual Insurance Company*; CJ-2014-113, Logan County.

It is also remarkable that so many different insureds would articulate the same, exact factual allegations against different insurers under different sets of facts, with different agents and different insurance policies.   Surely it is not the case that, in every dispute between a property owner and insurer regarding the scope of loss or the loss payment provisions, the agent was somehow misrepresented the coverage, was negligent in the procurement of coverage, etc

4

(stating "[j]urisdictional facts may be proven by using 'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] **by reference to the plaintiff's informal estimates** or settlement demands[;] or by introducing evidence.'" (alterations in original, emphasis added) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008)).

8.     Plaintiff filed the present case in the District Court of Oklahoma County, State of Oklahoma, on May 20, 2014.  Pursuant to 36 O.S. § 621, service of process against this Defendant was allegedly accomplished through Oklahoma Insurance Commissioner on October 10, 2014.  (*See* Proof of Service filed by Plaintiff, **EXHIBIT 4**.)

9.      This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. § 1446(b), because this Notice was filed within 30 days of service upon North Star Mutual.

10.     Prior to filing this removal, Defendant Ed Berrong filed a Special Entry of Appearance and Amended Motion to Dismiss.  (*See* Special Appearance and Amended Motion to Dismiss of the Defendant Ed Berrong Insurance Agency, Inc. and Brief in Support. On October 30, 2014, the Honorable Bernard Jones of the District Court of Oklahoma County, State of Oklahoma, entered a minute order granting Defendant Ed Berrong's Motion. (*See* OSCN Docket Sheet, **EXHIBIT 1**.)

11.     Disregarding the remaining non-diverse Defendant, Insurance Center, who North Star Mutual submits was fraudulently joined, the remaining controversy is between parties who are residents of different states, with alleged damages in excess of $75,000.00.

Therefore, pursuant to 28 U.S.C. § 1441(a) removal is proper on the grounds that the federal court has diversity jurisdiction under 28 U.S.C. § 1332.

12.    At the time of this removal, no motions are pending.

13.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on counsel for Plaintiff, and copy of this Notice of Removal will be filed with the Clerk of the District Court of Oklahoma County, State of Oklahoma.  Pursuant to LCvR 81.2, copies of all documents filed or served in the state court action, as well as a copy of the docket sheet in the state court action, are filed contemporaneously herewith and adopted herein by reference.

14.    Although § 1446 has generally been interpreted to mean that all defendants in multi-defendant cases must join in the petition for removal or consent to such actions, there are exceptions to this rule.  *See McCurtain Cnty. Prod. Corp. v. Cowett*, 482 F. Supp. 809, 812 (E.D. Okla. 1978). "An improperly joined party is not required to join in the removal petition." *Id.* at 813; *See also Sycamore Family LLC v. Earthgrains Bakery Companies, Inc.*, No. 2:13-CV-00639-DN, 2013 WL 588 3868, at *2 & n. 21 (D. Utah Nov. 1, 2013) (collecting cases).

15.    With regard to the issue of improper or fraudulent joinder, North Star Mutual submits the following Arguments and Authorities.

## STANDARD OF REVIEW

Any Defendant who has been fraudulently joined must be ignored for diversity purposes. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Despite the nomenclature, fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006). The reason for this doctrine is that a plaintiff who joins a non-diverse defendant with the sole purpose of defeating removal is acting unfairly toward the non-diverse defendant, who should not be a party, and to the diverse defendant, whose statutory right is unjustly prohibited. *Wilson v. Republic Iron & Steel*, 257 U.S. 92 (1921).

As the removing party, a defendant bears the burden of establishing that jurisdiction is proper. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Assuming that the requisite amount in controversy can be satisfied, a removing defendant does not have to show that the plaintiff committed outright "fraud" in pleading the jurisdictional facts. Rather, the removing defendant can simply show that there is no real possibility of recovery against the non-diverse defendant. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 & n. 3 (5th Cir. 1992).

In *Slover v. The Equitable Variable Life Insurance Co.*, 443 F. Supp. 2d 1272 (N.D. Okla. 2006), the court discussed the protocol for situations in which a defendant believes that non-diverse co-defendants have been improperly joined:

Because Defendants have alleged fraudulent joinder, the Court may pierce the pleadings. *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1113 (D.Colo. 2000). Thus, the Court may consider certain underlying facts--such as the insurance policy at issue here--to determine whether the non-diverse parties are proper. *Smoot v. Chi., Rock Island & Pac. R.R.*, 378 F.2d 879, 882 (10th Cir.1967) ("[U]pon specific allegations of fraudulent joiner the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.") (Internal citations omitted). The standard, however, is stringent, and the Court must resolve any ambiguities in Plaintiffs' favor.  *Martin*, 251 F.3d at 1289-90 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)).

*Id.* at 1276.  The Northern District of Oklahoma went on to say:

> "If outright fraud in the pleading of jurisdictional facts cannot be proven, ***the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which relief may be granted*** under FED.R.CIV.P. 12(b)(6).  *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F.Supp. 1399, 1404 (D.Colo. 1989); *Fine v. Braniff Airways, Inc.*, 302 F.Supp. 496, 497 (W.D. Okla. 1969).

*Id.* at 1278 -1279 (emphasis added).  The *Slover* court concluded by making the succinct but meaningful observation that "if the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant . . . such defendant shall be considered fraudulently joined." *Id*. at 1279.

## SUMMARY OF ARGUMENT

In the present case, North Star Mutual submits that the precise issue here – i.e., whether an insured can state a valid cause of action against an insurance agent with vague allegations regarding Plaintiff's purported request for "adequate" coverage – has been

addressed.  This question was answered in the negative.  Specifically, this Court recently

determined that vague allegations about a purported request for "adequate" coverage, no

matter how a plaintiff might attempt to disguise or dress-up the allegations, will not support

any theory of recovery against an insurance agent.

<u>ARGUMENTS AND AUTHORITY</u>

**PROPOSITION:   PLAINTIFF FAILS TO STATE A VALID CAUSE
OF ACTION AGAINST INDEPENDENT AGENTS,
ED BERRONG AND THE INSURANCE CENTER.**

The claims asserted in Plaintiff's Petition against Ed Berrong and Insurance Center

(the "Independent Agents") are clearly nothing more than an attempt to defeat diversity

jurisdiction.  This is most clearly demonstrated by the fact that Plaintiff does not even know

which independent agent procured the policy in question or which independent agent

breached an alleged duty owed to Plaintiff.  Despite this obvious flaw, Plaintiff's Petition

asserts a number of allegations against one or both of the Independent Agents.  Some of these

allegations specifically target the Independent Agents, while other refer generically to all

"Defendants."  These claims include:

1)   Breach of Fiduciary Duty (Petition, ¶¶ 33 - 40, **EXHIBIT 2**);

2)   Negligence in the Procurement of Insurance (Petition, ¶¶ 41 -56, **EXHIBIT 2**);

3)   Constructive Fraud and Negligent Misrepresentation (Petition, ¶¶ 57-70), **EXHIBIT 2**);

4)   Negligent Underwriting (Petition, ¶¶ 71-85, **EXHIBIT 2**); and,

     5)    Breach of Common Law Duty of Good Faith and Fair
           Dealing (Petition, ¶¶ 90-93, **EXHIBIT 2**).

The problem (for Plaintiff), however, is that Oklahoma's appellate court's as well as this Court have repeatedly rejected similar allegations.  In fact, less than a year ago, this Court in *Smith v. Allstate Vehicle & Property Insurance Co.*, No. CIV-14-0018-HE, 2014 WL 1382488 (W.D. Okla. April 8, 2014), held the defendant insurer's removal was appropriate despite almost identical allegations against the agent.  In that case, this Court concluded "none of these allegations suffice to state a valid claim against Defendant Muse [the agent]," regardless of whether couched in terms of negligent procurement, negligent misrepresentation, or breach of fiduciary duty.  In *Smith*, the plaintiffs made several serious-sounding allegations, such as:

- The insurance they requested "was not procured as promised and plaintiffs suffered a loss."

- The agent represented that the replacement cost policy they purchased would "serve to replace their home and personal property without any deduction for depreciation, knowing that was not true."

- The agent "failed to advise them that they had to partially pay to replace property before they could actually recover the replacement cost benefits."

- The agent procured a policy that "did not serve to return their home and personal property to its pre-loss condition" and "did not accurately reflect the replacement cost of plaintiffs' dwelling."

- The agent "had a duty to accurately inform plaintiffs of all coverages, benefits, limitations, risks and exclusions."

- The agent "had a duty to monitor and review the policy procured for plaintiffs to ensure it provided appropriate and adequate coverage."

*Id.*

In the present case, Plaintiff makes almost identical allegations against the Independent Agents.  Indeed, the allegations bear such a resemblance to one another that the undersigned created a chart which compares the agent-related allegations in each case, attached hereto as **EXHIBIT 16**.  (Additionally, the Petition from the *Smith v. Allstate* case is attached hereto as **EXHIBIT 17**.)  Although the paragraph numbers are different in the two Petitions, the <u>substance</u> of the allegations against the agents are practically identical in both cases.  If this Court concluded the various and sundry allegations by the insured in *Smith* did not pass muster, North Star Mutual submits that the same allegation should not pass muster in the present lawsuit.

A.     **The Independent Agents do not owe Plaintiff a fiduciary duty.**

Although Oklahoma's courts have repeated rejected the idea of a "fiduciary relationship" between an insured and an independent agent, in a recent filing Plaintiff argued its claim was appropriate because "fiduciary relationships 'can arise anytime the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence in another person.'"   (*See* Plaintiff's Response to Defendant, Ed Berrong Insurance Agency, Inc.'s Amended Motion to Dismiss, **EXHIBIT 8** (quoting *Quilan v. Kock Oil Co.*, 25 F.3d 936, 942 (10th Cir. 1994).)  This, however, misstates Oklahoma's law in the context of the relationship between an insured and an independent agent.

In *Cosper*, the Oklahoma Court of Civil Appeals explicitly held:

> The Court of Civil Appeals has stated, "[t]here are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured, or to an established customer with respect to procurement of an additional policy." *Swickey v. Silvey*

> *Companies*, 1999 OK CIV APP 48, ¶ 12, 979 P.2d 266, 269. In
> *Silver*, 1988 OK 53, ¶ 7, fn. 11, 770 P.2d at 882, the court held
> an insureds' relationship with their insurer was at arms' length
> and they did not stand in any recognized form of "special
> relationship." We follow *Silver* and *Swickey* and hold Plaintiffs
> have not stated a claim for breach of fiduciary duty against
> Defendants by providing a policy with coverage that exceeds the
> fair value of their home.

*Cosper*, 309 P.3d at 150.

Additionally, as noted above, the *Smith* plaintiffs also alleged their insurance agent

breached a fiduciary duty owed to them.  Looking to cases such as *Cosper*, this Court

rejected allegations almost identical to those made in Plaintiff's petition.  The Court

concluded:

> Plaintiffs' breach of fiduciary duty claim also fails, as the
> Oklahoma courts have not imposed a fiduciary duty on an
> insurance agent "to a prospective insured, or to an established
> customer with respect to procurement of an additional policy,"
> Swickey [*v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App.
> 1999)]; *Cosper* [*v. Farmers Ins. Co.*, 309 P.3d 147, 150 (Okla.
> Civ. App. 2013)], and the facts pleaded do not warrant
> extending the law to impose a fiduciary duty here.

*Smith*, 2014 WL 1382488, at *4.

In short, Plaintiff's relationships with the Independent Agents were created by an

arms-length transactions.  Under Oklahoma law, this does not give rise to a "fiduciary"

relationship similar to that of attorney/client or guardian/ward. *See Mueggenborg v. Ellis*, 55

P.3d 453, 454 (Okla. Civ. App. 2002); *Cosper*, 309 P.3d at 150 (Okla Civ. App. 2013);

*Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999) ("There are no

Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective

insured, or to an established customer with respect to procurement of an additional policy."). Therefore, Plaintiff cannot and has not asserted a valid breach of fiduciary duty claim against the Independent Agents.

**B. Plaintiff's "Negligent Procurement of Insurance" claim fails as a matter of law.**

Plaintiff's fourth cause of action, "Negligence in the Procurement of Insurance," alleges Insurance Center and/or Ed Berrong failed to procure "appropriate and adequate coverage" and failed to "inform Plaintiff of all coverages, benefits, limitations and exclusion in the coverage procured." (Petition, ¶¶ 47, 50 and 52, **EXHIBIT 2**.) Again, *Smith* is instructive.

In that case, this Court recognized that the *Swickey* court held an agent has a duty to use reasonable care and diligence in the procurement of insurance and that an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss. *Id.* However, this Court also pointed out that no subsequent court has expanded the *Swickey* rationale, that subsequent Oklahoma decisions have explicitly determined that there is no duty upon an agent or insurer to advise an insured/customer as to coverage needs, and that a vague request for "adequate" coverage does not somehow broaden the duty of care. *Id.* at *2 (*quoting Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013); *Rotan v. Farmers Ins. Group of Cos.,* 83 P.3d 894, 895 (Okla. Civ. App. 2004)).

As in this case, the *Smith* plaintiffs also alleged that the insurance procured did "not accurately reflect the replacement cost" of the subject property. This Court rejected this

allegation stating Oklahoma courts "have explicitly refused to impose a duty upon an insurer to provide an adequate amount of coverage when the insured did not request a specific amount of coverage." *Id*. at *2 (*quoting Cosper,* 309 P.2d at 149). The Court further concluded that, "because plaintiffs acknowledge that coverage was obtained and do not allege that the amount of coverage was not what they had requested, their attempt to hold Muse accountable under Oklahoma law for misconduct in conjunction with the procurement of their policy fails." *Id.*

Indeed, the plaintiffs in *Smith* even complained about the "two step payment process to receive the replacement value of damaged property," as referenced by the Court. Again, in the present case, Plaintiff makes similar arguments/criticisms regarding the manner in which the replacement cost provisions operate when there has been a loss. In that regard, in *Smith*, this Court correctly noted that, "while plaintiffs assert Muse had a duty to explain the process for receiving replacement cost benefits, they cite no Oklahoma authority imposing such a duty on an insurance [agent] and the court is aware of none." *Id*. at *3. This Court went on to observe as follows:

> ***Courts routinely reject insureds' attempts to hold their insurance agent or insurance company liable for failing to explain the terms of coverage.*** *E.g., Bell v. Allstate Ins. Co.*, 2005 WL 1353527, *9 (E.D.Pa. May 31, 2005) (insurer was not vicariously liable for agent's alleged negligent failure to explain "that the Policy would only provide coverage if he resided at the Property at the time of any loss," because agent "did not have a duty to counsel [the insured] about the collateral consequences of his homeowner's policy coverage"); see generally *Silver v. Slusher*, 770 P.2d 878, 883 (Okla.1989) ("As offeror, Farmers had no contractual duty voluntarily to explain the terms of its offer or the advantages and disadvantages to procuring UM

> coverage."). Although an agent may be held accountable for failing to answer an insured's coverage questions accurately, he or she generally is ***not obligated to explain the policy terms to the insured***. Rather, ***under Oklahoma law "[i]t is the duty of the insured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions,*** unless he alleges and proves that he was induced not to read the policy by trick or fraud of the other party." *National Fire Ins. Co. Of Hartford v. McCoy*, 239 P.2d 428, 430 (Okla.1951) (internal quotations omitted).

*Id.* (emphasis added). The Court then made the following poignant conclusion about the case in front of it:

> Plaintiffs do not assert they specifically asked Muse about the policy's payment terms or that he affirmatively misrepresented what they had to do to obtain replacement cost benefits. Based on the facts pleaded in the petition and the further factual matters plaintiffs assert they could prove, the court concludes that Muse ***did not breach a duty owed to plaintiffs when he did not explain the benefits payment process to them.***

*Id.* It follows that the same allegations in the present case also fail to establish any breach of duty by the alleged failure of the agent to "explain the benefits payment process" to Plaintiff.

## C. Plaintiff cannot maintain a "Constructive Fraud" or "Negligent Misrepresentation" claim against the Independent Agents.

Plaintiff's fifth cause of action alleges "constructive fraud" and "negligent misrepresentation" by the Independent Agents. In Oklahoma, fraud is either actual or constructive. 15 O.S. § 57. Although constructive fraud need not involve intent to deceive and may be based on a negligent or innocent misrepresentation, it requires a breach of some legal or equitable duty. 15 O.S. § 59; *Faulkenberry v. Kansas City Southern Ry. Co.*, 602

P.2d 203, 206 (Okla. 1976);  *Accord Riley Hill Gen. Contr. v. Tandy Corp.*, 737 P.2d 595,

604 (Or. 1987); *Tatum v. Mid-Century Ins.  Co.*, 730 S.W.2d 41, 43 (Tex.App.1987).  To

maintain a valid claim for constructive fraud or negligent misrepresentation, the plaintiff

must demonstrate:

> (1) that the defendant made a material representation; (2) that
> the representation was false; (3) that the representation was
> known to be false when it was made, or that it was made
> recklessly, as a positive assertion, without knowing whether it
> was true or false; (4) that the representation was made with the
> intention that it should be acted upon by the plaintiff; (5) that the
> plaintiff acted in reliance upon it; and (6) that plaintiff thereby
> suffered injury.

*Swickey*,979 P.2d at 269-70 (citing, *Porter v. Rott*, 243 P.160, 163 (Okla. 1926); *Wingate v.*

*Render*, 160 P. 614, syllabus (Okla. 1916).  "The absence of any element is fatal." *Id.* (citing

*Cooper v. Gibson*, 170 P. 220, 220 (Okla. 1917)).

In *Muggenborg*, the Oklahoma Court of Appeals explained, however, that under

Oklahoma law, there is no obligation of an agent to advise an insured with regard to an

insured's needs.  *Id.* at 453.  The *Cosper* court elaborated on its prior holding stating:

> Constructive fraud requires a breach of either a legal or
> equitable duty. Okla. Stat. tit. 15 § 59 defines constructive fraud
> as a breach of a duty which allows one to gain advantage by
> misleading another.  Since Defendants did not owe Plaintiffs a
> duty in negligence or for misrepresentation, their claim for
> constructive fraud  also fails.

*Cosper*, 309 P.3d at 149.  Appropriately, this Court came to a similar conclusion in *Smith*

stating:

> Plaintiffs do not assert they specifically asked Muse about the
> policy's payment terms or that he affirmatively misrepresented

what they had to do to obtain replacement cost benefits. Based on the facts pleaded in the petition and the further factual matters plaintiffs assert they could prove, the court concludes that Muse did not breach a duty owed to plaintiffs when he did not explain the benefits payment process to them.

*Smith*, 2014 WL 1382488, at *3.[3]

Even to the extent Plaintiff tries to claim that the agent lied to it about the contents of its insurance, Plaintiff still has no legal cause of action for fraud or negligent misrepresentation. More than a century ago, the Oklahoma Supreme Court in *Liverpool & L&G Inc. Co. v. TM Richardson Lumber Co.*, 69 P. 936 (Okla. 1902) held:

> [An insured] who accepts a policy the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of its terms and legal effect. It is the duty of the assured to read and know the contents of the policy before he accepts it, and where he fails or neglects to do so he is estopped from denying knowledge of its terms and conditions, unless he alleges and proves that he was induced not to read the policy by some trick or fraud of the other party.

*Id.* at Syllabus of the Court. Further, regardless of what Plaintiff claims the agent told it, a written contract supersedes all oral negotiations. *Id.*; *Slover*, 443 F.Supp.2d at 1283.

---

[3] Similarly, in *Slover*, Judge Payne evaluated whether certain resident insurance agents had been improperly joined to defeat diversity. In rendering his decision, Judge Payne first recognized that, with regard to claims of negligent misrepresentation by an agent, "oral discussions in pre-contract negotiations are merged into, and superceded by, the terms of an executed writing." *Id*. at 1281 (emphasis added). Judge Payne also pointed out that an insured cannot turn a blind eye to the terms of an insurance policy because, in Oklahoma, insureds have a duty to examine, read, and know the contents of the policy before accepting and paying the premium therefore. *Id*. at 1283. The court stated that, having failed or neglected to do so, insureds are estopped from denying knowledge of the terms or conditions of the policy. *Id*. (*citing Liverpool and L&G Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. 1902)).

Therefore, Plaintiff cannot rely upon oral discussions when a contract has been executed that provides coverage as Plaintiff requested.

Simply put, Plaintiff's claim for constructive fraud and negligent misrepresentation must fail as a matter of law.  First, the Independent Agents did not have a duty to explain the relevant insurance policy to Plaintiff.  *Liverpool,* 69 P. at Syllabus of the Court.  Second, as in *Smith,* Plaintiff's Petition lacks any allegations that it specifically asked the Independent Agents about the policy's payment terms.  As such, Plaintiff failed to state a valid "constructive fraud" or "negligent misrepresentation" claim against the Independent Agents. *See Smith*, 2014 WL 1382488, at *3.

**D.     Plaintiff failed to state a valid claim for "Negligent Underwriting" against the Independent Agents.**

Plaintiff's sixth cause of action, "Negligent Underwriting", does not explicitly target the Independent Agents. Rather, Plaintiff vaguely asserts "Defendant**s**" were obligated to "utilize reasonable valuation methodology" in determining the approximate replacement cost of Plaintiff's property.  Plaintiff then blurs the line between the unrecognized theory of "negligent underwriting" and the recognized theory of bad faith by alleging, in paragraph 73, that "Defendants owed a duty to Plaintiff to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established."

Counsel for North Star can find no reported decision, whatsoever, in Oklahoma which supports the purported claim of "negligent underwriting" against either an independent agent or an insurer.  Apparently recognizing the utter lack of authority supporting this novel claim,

Plaintiff recently argued that Oklahoma's negligence jurisprudence supports a claim for "negligent underwriting" against the Independent Agents.  (*See* Plaintiff's Response to Defendant, Ed Berrong Insurance Agency, Inc.'s Amended Motion to Dismiss, pp. 8-9, **EXHIBIT 8** (citing *Woffard v. Eastern State Hospital*, 795 P.2d 516 (Okla. 1990)). However, "[i]n any lawsuit based on negligence, it must first be determined whether the defendant had a duty to the plaintiff.  The existence of a duty of care and the scope of such duty is a question of law for the court."  *Mueggenborg*, 55 P.3d. at 453.

Black's Law Dictionary defines underwriting as "[t]he act of assuming a risk by insuring it; the insurance of life or property."  Thus, to assert a valid claim for "negligent underwriting," Plaintiff's must demonstrate the Independent Agents were somehow negligent in issuing (not procuring) the subject policy.  In the present case, however, Plaintiff does not allege the Independent Agents issued the a policy of insurance to it.  Rather, Plaintiff alleges the policy was issued by North Star.  As such, Plaintiff has not and cannot assert a valid claim for "negligent underwriting" against the Independent Agents.[4]

---

[4]Although outside the scope of the present filing, North Star submits Oklahoma does not recognize the tort of "negligent underwriting," even against an insurer.  Rather, in Oklahoma only <u>two</u> causes of action may be asserted premised on the existence of an insurance contract – an action based on the contract, and an action for breach of the implied duty to deal fairly and in good faith. *See Murchison v. Progressive Northern Insurance Company*, 572 Fed. Supp.2d 1281, 1284 (E.D. Okla. 2008) (citing *Christian v. American Home Assur. Co.*, 577 P.2d 899 (Okla. 1977); *Lewis v. Farmers Ins. Co. Inc.,* 681 P.2d 67, 69 (Okla. 1983)).

**E.      Plaintiff's claim against the Independent Agents under the Oklahoma Consumer Protection Act fails as a matter of law.**

The Oklahoma Consumer Protection Act ("OCPA") provides a cause of action for consumers misled by businesses making false promises.  15 O.S. § 753.  But, the statute explicitly exempts "transactions regulated under laws administered by the Corporation Commission or **any other regulatory body or officer acting under statutory authority of this state**...." 15 O.S. § 754(2) (emphasis added).

The Oklahoma Constitution provides that the insurance commissioner is "charged with the execution of all laws now in force, or which shall hereafter be passed, in relation to insurance and insurance companies doing business in the State."  Constitution, Art. 6 § 22. The Oklahoma Insurance Code likewise gives the Insurance Commissioner jurisdiction over all complaints against persons engaged in the business of insurance." 36 O.S. § 307, and the Commissioner has the "power to examine and investigate into the affairs of every person engaged in the business of insurance in this state in order  to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice."  36 O.S. § 1205.

Under Oklahoma law, an insurance agent (or producer) is subject to the regulation of the Oklahoma Insurance Commissioner and the Oklahoma Department of Insurance.  The Oklahoma Producer Licensing Act states that an agent may not "sell, solicit, or negotiate insurance in this state for any class or classes of insurance unless the person is licensed for that line of authority in accordance with the Oklahoma Producer Licensing Act."  36 O.S. § 1435.4(A).  To obtain said license, an agent must pass a written examination and submit an

application for the license to the Oklahoma Insurance Commissioner.  *See* 36 O.S. §§ 1435.6 & 1435.7.

The Oklahoma Producer Licensing Act provides the Insurance Commissioner with authority to "promulgate reasonable rules as are necessary or proper to carry out the purposes of the Oklahoma Producer Licensing Act."  36 O.S. § 1435.19.  The Oklahoma Producer Licensing Act also provides the Insurance Commissioner with the authority to place an agent on "probation, censor, suspend, revoke or refuse to issue or renew a license issued pursuant to the Oklahoma Producer Licensing Act or may levy a civil penalty[.]"  36 O.S. § 1435.13(A).

In the present case, Plaintiff's Petition alleges that the Independent Agents (one or both of them) somehow deceptively induced it to purchase the subject insurance policy by "failing to disclose" certain unspecified information.  (*See* Petition, ¶ 89 (2)).  These allegations obviously relate to the Independent Agents activity in the business of insurance, and therefore, the OCPA does not apply.  *See Childs v. United Life Ins. Co.*, 781 F. Supp. 2d 1240, 1250 (N.D. Okla.  2011) (dismissing OCPA claim related to alleged unfair sales of dental insurance as activity regulated by Insurance Commissioner); *see also Thomas v. Metropolitan Life Insurance Co.*, 540 F. Supp. 2d 1212, 1229 (W.D. Okla. 2008) (dismissing OCPA claim against insurer on account of  the "broad powers" vested in the Insurance Commissioner to examine and investigate unfair trade practices in insurance); *Estate of Hicks v. Urban East, Inc.*, 92 P.3d 88, 93 (Okla. 2004) (finding that the regulations of the Nursing Home Care Act supersede the OCPA, and therefore, the Oklahoma State Department of

Health has exclusive authority to regulate claims of false or misleading solicitations by a nursing center).  Therefore, Plaintiff has not and cannot state a valid cause of action based on the Oklahoma Consumer Protection Act against the Independent Agents.

**F.      Plaintiff failed to state a valid claim for bad faith against the Independent Agents.**

Plaintiff's eighth cause of action asserts a claim for "common law bad faith" against Defendant**s**, (*See* Petition, ¶¶90-93, **EXHIBIT 2**.)  Plaintiff's Petition, however, alleges that only North Star Mutual and Plaintiff were parties to the insurance contract.  (*See* Petition, ¶5, **EXHIBIT 2**.)  Thus, Plaintiff's common law bad faith claim against the Independent Agents fails as a matter of law.

In fact, thirty-two years ago, in the case of *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907 (Okla. 1982), the Oklahoma Supreme Court recognized that "non-insurer defendants" are <u>not</u> subject to the implied duty of good faith and fair dealing.  *Timmons* at 912 (quoting *Gruenberg v. Aetna Ins. Co.*, 510 P.2d 1032 (Cal. 1973)).  Similarly, in *St. Paul Reinsurance Co. v. Club Services Corp.*, 30 Fed. Appx. 834 (10th Cir. 2002) (unpublished), an insurance company sued the insurance agent in an attempt to recover amounts that the insurer paid to settle a bad faith claim brought against it by a purported insured.  In dispensing of the case, the Tenth Circuit Court of Appeals stated:

> The district court relied primarily on two cases establishing that, in Oklahoma, agents like Mr. Martin and Club Services cannot be liable for breach of the covenant of fair dealing.  See *Hayes v. Jackson National Life Ins. Co.*, 105 F.3d 583, 590 (10th Cir. 1997) ("under Oklahoma law, the alleged knowledge and acts of the agent at the time of the application [are] not imputed to the principle for purposes of determining whether the principle

> acted in bad faith"); *Timmons v. Royal Globe Ins. Co.*, 653 P.2d
> 907, 912 (Okla. 1982) (holding that an agent, as a **stranger to
> an insurance contract**, cannot be held to breach an implied
> covenant of fair dealing). We agree with the district court that
> Mr. Martin and Club Services cannot be held liable for any bad
> faith attributable to St. Paul in dealing with Ms. Wilson.

*Id*. at 836 (emphasis added).

Obviously, Plaintiff's attempt to articulate a "bad faith" theory of liability against the

Independent Agents is patently misplaced. In its Response to Defendant Ed Berrong's

Motion to Dismiss, Plaintiff tacitly recognized this fact. Specifically, Plaintiff stated that it

will dismiss this cause of action against Defendant Ed Berrong if Plaintiff plead such cause

of action against Defendant Ed Berrong. Therefore, Plaintiff has not and cannot state a valid

bad faith claim against the Independent Adjusters.

## CONCLUSION

In *Smith,* this Court found that fraudulent joinder had been established due to the

inability of the plaintiffs to articulate a cause of action against the non-diverse independent

agent. *See also Neill v. State Farm*, et al., No. CIV-13-627-D 2014 WL 223455 (W.D. Okla.

Jan. 21, 2014); *Hyman v. Travelers, et al.*, No. CIV-13-820-D 2014 WL 111942 (W.D.Okla.

Jan. 10, 2014). Of course, the present case is no different. Indeed, the allegations are

practically identical. Thus, Plaintiff has not stated a valid claim against Defendant Ed

Berrong Insurance Agency, Inc. or the Insurance Center. As such, these Defendants have

been improperly joined and can be disregarded for purposes of diversity jurisdiction. *See*

*Smoot*, 378 F.2d at 882.

WHEREFORE, for the forgoing reasons, Defendant, North Star Mutual Insurance Company respectfully requests this Court assume full jurisdiction over this case and dismiss Defendants Ed Berrong Insurance Agency, Inc. and Insurance Center.

Respectfully submitted,


s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER &
ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:        jerry@pclaw.org
              erin@pclaw.org
ATTORNEYS FOR NORTH STAR MUTUAL
  INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

     J. Drew Houghton, Esquire
     Larry Bache, Esquire
     Phillip N. Sanov, Esquire
     James K Secrest, II, Esquire
     Edward J, Main, Esquire
     R. Thompson Cooper, Esquire

I hereby certify that on , I served the same document by hand delivery on the following who is not a registered participant of the ECF system:

     Tim Rhodes, Court Clerk
     Oklahoma County Court Clerk
     409 County Office Building
     320 Robert S. Kerr Avenue
     Oklahoma City, Oklahoma 73102

                             s/ Erin J. Rooney
                             For the firm