IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| METRO MART, INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. CIV-14-1215-W |
| NORTH STAR MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

By agreement of plaintiff Metro Mart, Inc. ("Metro Mart"), and non-party Meridian Claims Service, LLC ("Meridian Claims"), the Court ENTERS this Agreed Protective Order ("Protective Order" or "Order") pursuant to Rule 26, F.R.Civ.P., to facilitate document disclosure and production pursuant to the Subpoena to Produce Documents, Information, or Objects issued by Metro Mart to Meridian Claims, to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information Meridian Claims is entitled to keep confidential and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for, and in the conduct of, trial. Unless modified pursuant to the terms contained in this Protective Order, this Order shall remain in effect through the conclusion of this litigation.

Accordingly, the Court FINDS

1. that in the course of this action, it may be necessary for Meridian Claims to disclose information that contains trade secrets, proprietary information and other confidential business information to counsel of record in this matter, in connection with

filings with this Court, to expert witnesses and to other persons ("Confidential Information");

2. that Metro Mart, defendant North Star Mutual Insurance Company and/or Meridian Claims may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the entity disclosing or producing the Confidential Information; and

3. that to protect the respective interests of the parties and of Meridian Claims and to facilitate the progress of disclosure and discovery in this case, good cause exists for the issuance of this Protective Order.

The Court therefore ORDERS as follows:

1. Documents or discovery responses containing Confidential Information disclosed or produced by Meridian Claims in this litigation are referred to as "Protected Documents." If justice requires protective measures to protect commercially-sensitive or trade secret information, any party to this litigation or Meridian Claims may, if counsel for the designating party has a good faith belief that the document and other material is entitled to protection, designate discovery material that consists of, or includes, nonpublic information that would reasonably be subject to protection as "CONFIDENTIAL." Except as otherwise indicated in this Order, all documents or discovery responses that are designated by the producing party as "CONFIDENTIAL" and that are disclosed or produced to the attorneys for the other party or parties or Meridian Claims are Protected Documents and are entitled to confidential treatment herein.

2. Designation of Discovery Material as "CONFIDENTIAL" shall be made by stamping or otherwise placing the legend "CONFIDENTIAL" on the material in a manner that will not interfere with its legibility. Multi-paged Discovery Material that is bound

together need only have the legend "CONFIDENTIAL" stamped or otherwise placed on the first page. If the Discovery Material cannot have the legend "CONFIDENTIAL" stamped or otherwise placed thereon, the Discovery Material will be designated "CONFIDENTIAL" in a manner to be agreed upon.

3. With respect to deposition testimony, documents may be discussed in deposition, but the attorney making the disclosures shall advise the deponent to whom the material or information contained therein is to be disclosed, that such material or information may be disclosed pursuant to this Protective Order only. All documents marked Confidential and identified as exhibits to the deposition are subject to this Order. The designation of confidentiality may be made on the record at the time of the deposition at which time the testimony shall be subject to the full protection of this Protective Order. In the case of testimony not so designated during the course of a deposition, counsel may, within ten (10) days from receipt of the deposition transcript, notify the parties that the deposition testimony contains confidential material, in which case the testimony shall be subject to the full protection of this Order.

4. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected

Documents shall have fourteen (14) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Protective Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

5. Confidential Information, Protected Documents and any information contained therein shall not be used or shown, disseminated, copied or in any way communicated to anyone for any purpose whatsoever, except as provided in this Order.

6. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

> (a) Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;
>
> (b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;
>
> (c) An independent expert retained by counsel to provide assistance, expert advice, technical consultation or testimony <u>in this action</u> and the employees

of any such experts, consultants or similar persons when working in connection with this action under direct supervision of said person; and

(d) The Court and its staff.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

7. Prior to the disclosure of any of the materials or information covered by this Protective Order to persons identified in Paragraphs 6(a) and 6(c), counsel for the parties agree that prior to such disclosure of Confidential Information, counsel will provide such person with a copy of this Protective Order, and with the exception of the Court and its staff, will have such person acknowledge that he or she has received and read a copy of this Protective Order and understand that he or she is bound thereby.

8. The term "copy"" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

9. To the extent a Protected Document or information contained therein is used in depositions, at hearings or at trial, such document or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Document or information contained therein.

10. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Protective Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the

terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

11. Inadvertent or unintentional production of any document or information containing Confidential Information which is not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment or of the attorney-client, work product or any other applicable privilege.

12. Nothing in this Protective Order shall constitute a waiver of a party's or non-party's right to object to the production of discovery material or to demand more stringent restrictions upon the treatment and disclosure of any discovery material on the ground that it contains particularly sensitive information.

13. The party or parties receiving Protected Documents shall not under any circumstances publish, publicize or disseminate Protected Documents or any information contained therein.

14. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Protective Order following termination of this litigation.

15. Upon completion of the trial and any appeals in this action and the satisfaction of any judgment, or the conclusion of any settlement, counsel for the parties <u>shall</u> without request, <u>return</u> to the requesting party's counsel <u>all</u> protected documents and <u>all</u> copies, prints, negatives and summaries thereof, including <u>all</u> copies of such information within the custody of any expert, consultant or other person, who was provided the protected

documents. Also, at the time of redelivery, an affidavit shall be provided from counsel, from any expert or consultant and from any other person with access to such information that he or she has strictly complied with the provisions of this Protective Order.

16. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, assigns, legal representatives, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations over which they have control.

ENTERED this _11th_ day of September, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE